IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE HINEBAUGH, on behalf of herself and similarly situated employees, | : : : | CIVIL ACTION  2:22-cv-564 |
| Plaintiff, | : | FIELD ELECTRONICALLY |
| v. | : : | ON APRIL 14, 2022 |
| CAREGIVERS ON DEMAND LLC, | : | CLASS/COLLECTIVE ACTION |
| Defendant. | : : | JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Stephanie Hinebaugh ("Plaintiff") brings this lawsuit against Caregivers on Demand LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.  Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Washington, PA (Washington County).

5. Defendant is a corporate entity headquartered in Canonsburg, PA (Washington

County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides "home care" services to clients in and around Southwestern Pennsylvania. *See* https://caregiversondemand.care/our-services (last viewed 4/13/22).

9. Defendant employs workers who are paid on an hourly basis to provide home care services to Defendant's clients. We will call these individuals "home care workers."

10. Plaintiff was employed by Defendant as a home care worker during the three-year period relevant to this lawsuit.

11. Like other home care workers, Plaintiff often worked over 40 hours per week.

12. Defendant paid Plaintiff and other home care workers an hourly wage for their work. For most of Plaintiff's employment, Defendant paid her $11.00/hour.

13. During the three-year period covered by this lawsuit, Defendant generally has paid Plaintiff and other home care workers their straight-time hourly wage for all hours worked, *including hours worked over 40 per week*. For example, during the two-week period between January 1, 2022 and January 14, 2022, Defendant credited Plaintiff with working 154 hours and paid her $11.00 for every hour worked. No overtime premium pay was provided.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. She sues on behalf of all individuals employed by Defendant and paid an hourly

wage during any week within the past three years.

15. Plaintiff's FLSA claim should proceed as a collective action because she and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

16. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

17. The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

18. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

19. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

20. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

21. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

22. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

23. In paying Plaintiff and other collective members straight-time compensation for hours worked over 40, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

24. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

25. In paying Plaintiff and other collective members straight-time compensation for hours worked over 40, Defendant violated the PMWA.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Date: April 14, 2022                                Respectfully,

                                                    _____
                                                    Peter Winebrake
                                                    Winebrake & Santillo, LLC

715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

4/14/2022

_____
Date

DocuSigned by:

*Stephanie Hinebaugh*

2FDDD6FFC0D948A...

_____
Stephanie Hinebaugh